UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LAURA E.P.G.,

Petitioner,

Civil No. 26-560 (JRT/EMB)

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff of Sherburne County, Minnesota*,

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Cody Blades, **BLADES LAW PLLC**, 323 Washington Avenue North, Suite 200, Minneapolis, MN 55401, for Petitioner.

Ana H. Voss, Julie T. Le, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Laura E.P.G. is a citizen of Ecuador and a resident of Minnesota. She was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on December 20, 2025. She filed a petition for a writ of habeas corpus on January 22, 2026,

alleging that she is being detained unlawfully. Because the Court concludes that Petitioner's detention is unlawful, the Court will grant the petition for habeas corpus and order that Petitioner be released immediately. The Court will also order that, if Respondents have transported Petitioner outside of Minnesota, Respondents must return her to Minnesota prior to her release.

## BACKGROUND

Petitioner is a citizen of Ecuador who has been present in the United States since 2023. (Verified Pet. Writ Habeas Corpus ("Pet.") ¶ 13, Jan. 22, 2026, Docket No. 1.) Petitioner has no criminal record. (*Id.* ¶ 18). She has filed an asylum application, which is pending, and has a work permit. (*Id.* ¶ 13–14.) On December 20, 2025, Petitioner was physically restrained and arrested by ICE officers who did not identify themselves and did not provide a judicial warrant. (*Id.* ¶ 16.) Petitioner also alleges that these officials entered her home without a warrant. (*Id.*)

On January 22, 2026, Petitioner filed a petition for a writ of habeas corpus, arguing that her arrest and detention violate her due process rights under the Fifth Amendment, as well as the Immigration and Nationality Act and the Administrative Procedure Act. (*Id.* ¶¶ 29–52.)

## DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). However, the Court has repeatedly rejected the Government's asserted basis for detaining individuals similarly situated to Petitioner under § 1225. *See,*

*e.g.*, *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Laura E.P.G. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Laura E.P.G.'s detention is not authorized by § 1225(b)(2).[1] Accordingly, the Court concludes that Respondents have arrested and detained Petitioner unlawfully.

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a)—indeed, Respondents have failed to produce any documentation supporting Petitioner's detention—the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

---

[1] Moreover, while Petitioner challenges her detention on several grounds, including her rights under the Due Process Clause of the Fifth Amendment, Respondents do not offer any argument rebutting these claims.

The Court will grant the petition for writ of habeas corpus. The Court will order that Petitioner be immediately released from custody, and that if she is detained outside of the District of Minnesota, she must first be returned to Minnesota prior to her release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Laura E.P.G.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    c. If Petitioner has been transferred out of the District of Minnesota, Respondents shall immediately **TRANSPORT** Petitioner to Minnesota, and then **RELEASE** Petitioner from custody **no later than 48 hours after the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

-4-

e. Respondents must release Petitioner with all personal documents, such as driver's licenses, passports, or immigration documents, and without conditions such as location tracking devices.

f. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 2, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: January 29, 2025
at Minneapolis, Minnesota.
Time: 4:25 p.m.

JOHN R. TUNHEIM
United States District Judge